DIETZ, Judge.
Respondent appeals from orders adjudicating his minor children Sammy and Jack to be abused and neglected juveniles.[1] Respondent argues that the Robeson County Department of Social Services failed to check the appropriate boxes on the preprinted petition forms and thus Respondent was not given appropriate notice of the grounds on which the trial court relied in its adjudication of abuse.
As explained below, DSS indicated on the form that it alleged both children were abused, and the detailed factual allegations attached to those preprinted forms provided adequate notice of the facts supporting the specific statutory grounds on which the trial court ultimately relied. Thus, the petitions provided adequate notice under our case law, and we therefore affirm the trial court's orders.
Facts and Procedural History
DSS became involved with Respondent and his children on 4 January 2016, when it received referrals alleging possible abuse or neglect of the children. A DSS social worker investigated the referrals, and on 5 January 2016, DSS obtained non-secure custody of the children and filed petitions alleging the children were abused and neglected juveniles. After a three-day hearing in March and April 2016, the trial court entered an order on 20 May 2016 adjudicating the children to be abused and neglected juveniles. The court entered a disposition order that same day that continued custody of the children with DSS and set the primary plan for the children as reunification with Respondent with a concurrent plan of custody with a court-approved caretaker. Respondent timely appealed from both orders.
Analysis
Respondent argues that he was given insufficient notice of the grounds for the adjudication of abuse because the grounds on which the trial court relied were not the ones on which DSS relied in filing its petitions. As explained below, this argument is precluded by our precedent.
In an adjudicatory hearing on a juvenile abuse, neglect, or dependency petition, a trial court is required to "adjudicate the existence or nonexistence of any of the conditions alleged in a petition." N.C. Gen. Stat. § 7B-802. The court's subsequent adjudication order is required to include findings regarding any "allegations in the petition [that] have been proven by clear and convincing evidence[.]" Id. § 7B-807(a). "[A]llegations in a petition may include specific factual allegations attached to a form petition for support." In re D.C. , 183 N.C. App. 344, 349-50, 644 S.E.2d 640, 643 (2007). Moreover, "[w]hile it is certainly the better practice for the petitioner to 'check' the appropriate box on the petition for each ground for adjudication, if the specific factual allegations of the petition are sufficient to put the respondent on notice as to each alleged ground for adjudication, the petition will be adequate." Id. at 350, 644 S.E.2d at 643.
Here, DSS filed form juvenile petitions alleging the children were abused and neglected juveniles. On those preprinted forms, DSS checked only one of the seven possible statutory bases for a juvenile to be adjudicated as abused: that the child's "parent, guardian, custodian, or caretaker ... [i]nflicts or allows to be inflicted upon the juvenile a serious physical injury by other than accidental means[.]" N.C. Gen. Stat. § 7B-101(1)(a). But DSS also attached a detailed list of factual allegations to the petitions, which included the following:
6. The referrals state that the children had been getting punished by their father hitting them with his fist and shoes.
7. On 01/04/2016 [the DSS Social Worker] learned that [Respondent] hit [Sammy] in the head with a pot on 01/01/2016.
8. On 01/04/2016 [the Social Worker] observed a small bruise on [Sammy's] head. [Sammy] and [Jack] stated their father ... hit [Sammy] in the head with a pot.
9. On 01/04/2016 [the Social Worker] learned that [Sammy] had a knot on his head on 1/1/2016 due to his father hitting him with a pot.
10. On 01/04/2016 [the Social Worker] learned that on 01/01/2016 [Respondent] punched his son [Jack] in the stomach due to him picking something up that his father had told his younger brother to put down.
11. On 01/04/2016 [the Social Worker] learned that both children have had marks and bruises from discipline [by] their father in the past.
Following the hearing, the trial court concluded that the evidence did not support an adjudication of abuse based on infliction of a serious physical injury. Instead, the court concluded that the children were abused juveniles based on two other statutory criteria: that Respondent "[c]reates or allows to be created a substantial risk of serious physical injury to the juvenile[s] by other than accidental means"; and (2) that Respondent "[u]ses or allows to be used upon the juvenile[s] cruel or grossly inappropriate procedures or cruel or grossly inappropriate devices to modify behavior[.]" N.C. Gen Stat. § 7B-101(1)(b), (c).
In support of that conclusion, the trial court made the following findings, which closely track the allegations attached to DSS's petitions:
36. ... [Respondent] has used upon the juveniles grossly inappropriate procedures to modify the children's behaviors and has created a substantial risk of serious physical injury to the children by other than by accidental means.
37. The method and form of discipline used by [Respondent] ... constitutes abuse in that he used a large, solid object, being a pot, to strike his son and to correct conduct.
38. Likewise, the intentional and forceful punching of the minor child in his stomach was also grossly inappropriate.
We hold that Respondent had adequate notice of the statutory grounds on which the trial court relied based on the express allegation of abuse on the preprinted forms and the detailed factual allegations attached to the forms. See In re D.C. , 183 N.C. App. at 349, 644 S.E.2d at 643. Accordingly, the trial court did not err in adjudicating the children to be abused juveniles. Respondent does not otherwise challenge the trial court's adjudication or disposition orders, and they are affirmed.
Conclusion
We affirm the trial court.
AFFIRMED.
Report per Rule 30(e).
Judges HUNTER, JR. and DILLON concur.

We use pseudonyms to protect the juveniles' identities.